# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **ROBERTO WYNN,** | ) Case No. 1:11 CV 1215 |
| | ) |
| Petitioner, | ) Judge Dan Aaron Polster |
| | ) |
| vs. | ) **MEMORANDUM OF OPINION** |
| | ) **AND ORDER** |
| **DONALD MORGAN, Warden,** | ) |
| | ) |
| Respondent. | ) |

This case is before the Court on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed by *Pro Se* Petitioner Roberto Wynn ("Petition"). (**Doc #: 1**.) Wynn challenges the constitutionality of his state-court convictions, following a jury trial, for murder, two counts of attempted murder, and four counts of felonious assault – each conviction carrying a firearm specification. Wynn also challenges the constitutionality of his sentence to an indefinite prison term of 30 years to life. Pursuant to Local Rule 72.2, the Petition was automatically referred to Magistrate Judge Greg White for preparation of a Report and Recommended Decision ("R & R"). (See non-document entry dated 6/22/11.)

The Magistrate Judge has now issued an R & R recommending that the Court deny the Petition on the merits. (**Doc #: 10**.) Specifically, the Magistrate Judge has correctly concluded that Wynn's argument that his convictions are against the manifest weight of the evidence are not cognizable on federal habeas review, citing *Nash v. Eberlin*, 437 F.3d 519, 524 (6th Cir. 2006). (Id. at 8.) The Magistrate Judge properly found that the state appellate court applied the correct Supreme Court standard to Wynn's claim that his convictions were not supported by sufficient evidence (i.e., *Jackson v. Virginia*, 443 U.S. 307, 317 (1979)), and that the court

reasonably applied that standard to the facts of Wynn's case.  (Id. 9-12.)  The Magistrate Judge accurately determined that Wynn's argument that certain crimes should have been merged for sentencing purposes because they involved related acts raises a matter of state law that is not cognizable on federal habeas review.  Finally, the Magistrate Judge observed that, in the traverse, Wynn expanded his sentencing argument to include a more specific claim that, following the Ohio Supreme Court's decision in *State v. Foster*, 109 Ohio St.3d 1 (2006), his consecutive, non-minimum sentences without proper fact-finding unconstitutionally violates the *ex post facto* clause.  The Magistrate Judge correctly pointed out that the Sixth Circuit has already rejected this argument in *Semala v. Duffey*, 2010 U.S. App. LEXIS 24564, at *2-3 (6th Cir. Jun. 9, 2010).

On June 21, 2012, Wynn filed Objections to the R & R.  (**Doc #: 12.**)  Wynn argues that there was insufficient evidence supporting his convictions because all the evidence was circumstantial and the government witnesses were coached.  He disagrees with the Magistrate Judge's conclusion that his allied offense argument is not cognizable on federal habeas review. Finally, he raises, for the first time, the argument that his multiple sentences for what he believes are allied offenses violate double jeopardy.

The Court finds that Wynn waived this last argument since he raised it for the first time in his Objections.  *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998).  With regard to all other arguments, the Court finds that Wynn is simply repeating the arguments that the Magistrate Judge thoroughly and correctly addressed.

Accordingly, the Court hereby **OVERRULES** the Objections (**Doc #: 12**); **ADOPTS** the R & R in its entirety (**Doc #: 10**); and **DENIES** the Petition (**Doc #: 1**).

**IT IS SO ORDERED.**

*/s/ Dan A. Polster     June 25, 2012*
**Dan Aaron Polster**
**United States District Judge**